**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| KENZO SA,<br><br>                  Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A,"<br><br>                  Defendants. | Case No. 20-cv-07389 |

**COMPLAINT**

Plaintiff Kenzo SA ("Kenzo") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases").  Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces and Domain Names.

consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Kenzo's federally registered trademarks, copyrighted designs, or both to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Kenzo substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Kenzo to combat e-commerce store operators who trade upon Kenzo's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products, including clothing and fashion accessories, using infringing and counterfeit versions of Kenzo's federally registered trademarks, unauthorized copies of Kenzo's federally registered copyrighted designs, or both (collectively, the "Unauthorized Kenzo Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale and selling Unauthorized Kenzo Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Kenzo is forced to file this action to combat Defendants' counterfeiting of its registered trademarks and infringement of its registered copyrighted designs, as well as to protect unknowing consumers from purchasing Unauthorized Kenzo Products over the Internet. Kenzo has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable

trademarks and infringement of its copyrighted designs as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4.      Kenzo is organized and existing under the laws of France with its principal place of business in Paris, France.

5.      Kenzo is a world-famous fashion brand engaged in the business of styling and selling diverse articles of men's, women's, and children's apparel and fashion accessories, and home products (collectively, the "Kenzo Products").

6.      Founded in Paris in 1970 by Mr. Kenzo Takada, Kenzo continues to cultivate and reinterpret with modernity the codes that make its uniqueness: the mix of prints, the harmony of refined colours and an exuberant and sophisticated creativity imbued with optimism and impertinence.  For half a century, Kenzo has been infusing positive energy and contagious freedom into its Kenzo Products by claiming a polychrome, daring and borderless fashion that celebrates nature and cultural diversity.

7.      Kenzo Products prominently display Kenzo's famous, internationally-recognized and federally-registered trademarks and/or copyrighted designs.  Kenzo Products have become enormously popular, driven by Kenzo's arduous quality standards and innovative designs. Among the purchasing public, genuine Kenzo Products are instantly recognizable as such.  In the United States and around the world, the Kenzo brand has come to symbolize high quality, and Kenzo Products are among the most recognizable of their kind in the world.

8.      Kenzo Products are distributed and sold to consumers through retailers throughout the United States in company operated Kenzo boutiques and in high-quality department stores in Illinois such as Nordstrom, Neiman Marcus, and Saks Fifth Avenue.

9.      Kenzo incorporates a variety of distinctive marks in the design of its various Kenzo Products.  As a result of its long-standing use, Kenzo owns common law trademark rights in its trademarks.  Kenzo has also registered its trademarks with the United States Patent and Trademark Office.   Kenzo Products typically include at least one of Kenzo's registered trademarks.   Often several Kenzo marks are displayed on a single product.   Kenzo uses its trademarks in connection with the marketing of its Kenzo Products, including the following marks which are collectively referred to as the "KENZO Trademarks."

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| 1,402,956 | KENZO | July 29, 1986 | For: eyeglasses; sunglasses; eyeglass and sunglass frames; and eyeglass and sunglass cases in class 9. |
| 1,337,815 | KENZO | May 28, 1985 | For: articles made from leather-namely, hand-bags and tote bags, wallets, purses in class 18.<br><br>For: bed covers; bath, bed linens in class 24. |
| 1,214,902 | KENZO | November 2, 1982 | For: articles of clothing-namely, dresses, coats, trousers, blouses, shirts, lingerie, pants, tee-shirts, footwear, scarves in class 25. |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| 4,570,470 |  | July 22, 2014 | For: sunglasses; cases for mobile phones; holder designed for mobile phones, namely, hands-free devices for mobile phones; bags adapted for laptops in class 9.<br><br>For: jewelry, namely, earrings, bracelets, necklaces, watches in class 14.<br><br>For: handbags; wallets, purses in class 18.<br><br>For: bath linen; bath towels of textile in class 24.<br><br>For: clothing and underwear, namely, shirts; T-shirts, pullovers, dresses, trousers, coats, jackets, scarves, gloves, socks, bathing suits, pajamas, footwear, headgear, namely, caps, hats in class 25. |

10.	The KENZO Trademarks have been used exclusively and continuously in the U.S. by Kenzo, and have never been abandoned. The above U.S. registrations for the KENZO Trademarks are valid, subsisting, in full force and effect, and some are incontestable pursuant to 15 U.S.C. § 1065. Attached hereto as **Exhibit 1** are true and correct copies of the U.S. Registration Certificates for the KENZO Trademarks included in the above table. The registrations for the KENZO Trademarks constitute *prima facie* evidence of their validity and of Kenzo's exclusive right to use the KENZO Trademarks pursuant to 15 U.S.C. § 1057(b).

11.     The KENZO Trademarks are exclusive to Kenzo and are displayed extensively on Kenzo Products and in Kenzo's marketing and promotional materials.  Kenzo Products have long been among the most famous and popular of their kind in the world and have been extensively promoted and advertised at great expense.  In fact, Kenzo has expended millions of dollars annually in advertising, promoting and marketing featuring the KENZO Trademarks.  Because of these and other factors, the Kenzo name and the KENZO Trademarks have become famous throughout the United States.

12.     The KENZO Trademarks are distinctive when applied to the Kenzo Products, signifying to the purchaser that the products come from Kenzo and are manufactured to Kenzo's quality standards.  Whether Kenzo manufactures the products itself or licenses others to do so, Kenzo has ensured that products bearing its trademarks are manufactured to the highest quality standards.  The KENZO Trademarks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks.  As such, the goodwill associated with the KENZO Trademarks is of incalculable and inestimable value to Kenzo.

13.     For many years, Kenzo has operated a website where it promotes Kenzo Products at Kenzo.com.  Kenzo Products are featured and described on the website and are available for purchase.  The Kenzo.com website features proprietary content, images, and designs exclusive to Kenzo.

14.     Kenzo has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the KENZO Trademarks.  As a result, products bearing the KENZO Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products from Kenzo.  Kenzo is a multi-million-dollar operation, and Kenzo Products have become among the most popular of their kind in the world.

15.     Kenzo has also registered many of its designs with the United States Copyright Office (the "Kenzo Copyrighted Designs").  The registrations include, but are not limited to: "EYES Print-1" (U.S. Copyright Registration No. VA 1-833-770), issued by the Register of Copyrights on October 18, 2013; "EYES Print-2" (U.S. Copyright Registration No. VA 1-833-909), issued by the Register of Copyrights on October 18, 2013; "EYES Print-3" (U.S. Copyright Registration No. VA 1-833-779), issued by the Register of Copyrights on October 18, 2013; and "Tiger Head" (U.S. Copyright Registration No. VA 1-852-716), issued by the Register of Copyrights on January 7, 2013.  True and correct copies of the U.S. federal copyright registration certificates for the above-referenced Kenzo Copyrighted Designs are attached hereto as **Exhibit 2**.

16.     Among the exclusive rights granted to Kenzo under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Kenzo Copyrighted Designs to the public.

**The Defendants**

17.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.  On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

18.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.  Tactics

used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Kenzo to discover Defendants' true identities and the exact interworking of their counterfeit network.  If Defendants provide additional credible information regarding their identities, Kenzo will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

19.     The success of the Kenzo brand has resulted in its significant counterfeiting. Consequently, Kenzo has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers.  In recent years, Kenzo has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Unauthorized Kenzo Products to consumers in this Judicial District and throughout the United States.  E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. **Exhibit 3**, Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report.  Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers).  *Id*.  Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id*.  Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

20.     Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce

platforms." **Exhibit 4**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); see also, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) attached as **Exhibit 5** and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. **Exhibit 5** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 5** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 4** at 186-187.

21. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized Kenzo Products to residents of Illinois.

22. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via

credit cards, Alipay, Amazon Pay, Western Union and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Kenzo has not licensed or authorized Defendants to use any of the KENZO Trademarks, or copy or distribute the Kenzo Copyrighted Designs, and none of the Defendants are authorized retailers of genuine Kenzo Products.

23.     Many Defendants also deceive unknowing consumers by using the KENZO Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Kenzo Products. Other e-commerce stores operating under Seller Aliases omit using the KENZO Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Kenzo Products.

24.     On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

25.     On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Kenzo Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

10

26.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use.  E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Kenzo Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized to one another, suggesting that many of the Unauthorized Kenzo Products may be manufactured by and come from a common source and that Defendants are interrelated.

27.     On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

28.     Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Kenzo's enforcement efforts.  On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore bank accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Kenzo.  Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore

counterfeiters regularly move funds from U.S.-based financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

29.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Kenzo Products in the same transaction, occurrence, or series of transactions or occurrences.  Defendants, without any authorization or license from Kenzo, have jointly and severally, knowingly and willfully used and continue to use the KENZO Trademarks and/or copies of the Kenzo Copyrighted Designs in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Kenzo Products into the United States and Illinois over the Internet.

30.     Defendants' unauthorized use of the KENZO Trademarks and/or copies of the Kenzo Copyrighted Designs in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Kenzo Products, including the sale of Unauthorized Kenzo Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Kenzo.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

31.     Kenzo hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered KENZO Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The KENZO Trademarks are highly distinctive marks.  Consumers have come

to expect the highest quality from Kenzo Products offered, sold or marketed under the KENZO Trademarks.

33.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the KENZO Trademarks without Kenzo's permission.

34.     Kenzo is the exclusive owner of the KENZO Trademarks. Kenzo's United States Registrations for the KENZO Trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Kenzo's rights in the KENZO Trademarks, and are willfully infringing and intentionally using counterfeits of the KENZO Trademarks. Defendants' willful, intentional and unauthorized use of the KENZO Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Kenzo Products among the general public.

35.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.     Kenzo has no adequate remedy at law, and if Defendants' actions are not enjoined, Kenzo will continue to suffer irreparable harm to its reputation and the goodwill of its well-known KENZO Trademarks.

37.     The injuries and damages sustained by Kenzo have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Kenzo Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

38.     Kenzo hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39.     Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Kenzo Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Kenzo or the origin, sponsorship, or approval of Defendants' Unauthorized Kenzo Products by Kenzo.

40.     By using the KENZO Trademarks on the Unauthorized Kenzo Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Kenzo Products.

41.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Kenzo Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42.     Kenzo has no adequate remedy at law and, if Defendants' actions are not enjoined, Kenzo will continue to suffer irreparable harm to its reputation and the goodwill of its Kenzo brand.

## COUNT III
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 AND 501)

43.     Kenzo hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44.     Kenzo is the owner of valid and enforceable Kenzo Copyrighted Designs, which contain certain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq*.

45.     Kenzo has complied with the registration requirements of 17 U.S.C. § 411(a) for the Kenzo Copyrighted Designs and has obtained Copyright Registration Nos. VA 1-833-770, VA 1-833-909, VA 1-833-779, and VA 1-852-716.

46.     Defendants do not have any ownership interest in the Kenzo Copyrighted Designs.  Defendants had access to the Kenzo Copyrighted Designs via the internet.

47.     Without authorization from Kenzo, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivate works incorporating the Kenzo Copyrighted Designs on the e-commerce stores and the corresponding Unauthorized Kenzo Products.  Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Kenzo Copyrighted Designs. Such conduct infringes and continues to infringe the Kenzo Copyrighted Designs in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

48.     Defendants reap the benefits of the unauthorized copying and distribution of the Kenzo Copyrighted Designs in the form of revenue and other profits that are driven by the sale of Unauthorized Kenzo Products.

49.     The Defendants have unlawfully appropriated Kenzo's protectable expression by taking material of substance and value and creating Unauthorized Kenzo Products that capture the total concept and feel of the Kenzo Copyrighted Designs.

50.     Upon information and belief, the Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to, Kenzo's rights.

51.     The Defendants, by their actions, have damaged Kenzo in an amount to be determined at trial.

52.     Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Kenzo great and irreparable injury that cannot fully be compensated or measured in money.  Kenzo has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Kenzo

is entitled to a preliminary and permanent injunction prohibiting further infringement of the Kenzo Copyrighted Designs.

**PRAYER FOR RELIEF**

WHEREFORE, Kenzo prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the KENZO Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Kenzo Product or is not authorized by Kenzo to be sold in connection with the KENZO Trademarks;

   b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Kenzo Copyrighted Designs in any manner without the express authorization of Kenzo;

   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Kenzo Product or any other product produced by Kenzo, that is not Kenzo's or not produced under the authorization, control, or supervision of Kenzo and approved by Kenzo for sale under the KENZO Trademarks and/or the Kenzo Copyrighted Designs;

   d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Kenzo Products are those sold under the authorization, control or

supervision of Kenzo, or are sponsored by, approved by, or otherwise connected with Kenzo;

    e.  further infringing the KENZO Trademarks and/or the Kenzo Copyrighted Designs and damaging Kenzo's goodwill; and

    f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Kenzo, nor authorized by Kenzo to be sold or offered for sale, and which bear any of Kenzo's trademarks, including the KENZO Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Kenzo Copyrighted Designs;

2) Entry of an Order that, at Kenzo's choosing, the registrant of the Domain Names shall be changed from the current registrant to Kenzo, and that the domain name registries for the Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Domain Names to a registrar of Kenzo's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), shall take any steps necessary to transfer the Domain Names to a registrar account of Kenzo's selection; or that the same domain name registries shall disable the Domain Names and make them inactive and untransferable;

3) Entry of an Order that, upon Kenzo's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate (collectively, the "Third Party Providers") shall disable and

cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the KENZO Trademarks and/or which bear the Kenzo Copyrighted Designs;

4) That Defendants account for and pay to Kenzo all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the KENZO Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5) In the alternative, that Kenzo be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the KENZO Trademarks;

6) As a direct and proximate result of Defendants' infringement of the Kenzo Copyrighted Designs, Kenzo is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

7) Alternatively, and at Kenzo's election prior to any final judgment being entered, Kenzo is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

8) Kenzo is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

9) Award any and all other relief that this Court deems just and proper.

Dated this 14th day of December 2020.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Abby M. Neu
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
aneu@gbc.law

*Counsel for Plaintiff Kenzo SA*